Citation Nr: 1527838 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 10-21 867 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for a left knee disability, to include as secondary to service-connected right ankle strain. 


REPRESENTATION

Veteran represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

Ashley Castillo, Associate Counsel



INTRODUCTION

The Veteran served on active duty from June 1976 to June 1996. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

In November 2014, the claim was remanded for further development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Although the Veteran contends that his left knee disability is secondary to his service-connected right ankle strain, the record also raises the possibility of direct service connection, insofar as his service treatment records document complaints of left knee pain in April 1985. 

In June 2014, the AOJ requested a left knee examination and opinion on "whether the current left knee condition is at least as likely as not caused by or the result of treatment noted during military service and/or secondary to service connected right ankle strain." To date, however, no opinion has been rendered on direct service connection. Such must be accomplished on remand. Additionally, as the January 2015 examiner indicated no opinion regarding secondary service connection on the basis of aggravation was possible, an additional attempt to obtain such an opinion from a new examiner should be made on remand.


Accordingly, the case is REMANDED for the following action:

1. Provide the claims file to an examiner other than the examiner who provided the June 2014 VA examination and January 2015 addendum opinion for preparation of an addendum opinion. The entire claims file, including a copy of this remand, must be available to the examiner, and the examiner should confirm that such records were reviewed. 

No additional examination of the Veteran is necessary, unless the reviewing examiner determines otherwise. 

The examiner should address the following:

(a) Is it at least as likely as not (a 50 percent or greater probably) that the Veteran's currently diagnosed left knee disability is related to his military service, to include treatment for left knee pain in April 1985?

(b) Is it at least as likely as not (a 50 percent or greater probability) that that the Veteran's currently diagnosed left knee disability is causally related to his service-connected right ankle disability?

(c) Is it at least as likely as not (a 50 percent or greater probability) that that the Veteran's currently diagnosed left knee disability is aggravated beyond the normal course of the condition by his service-connected right ankle disability?

A comprehensive rationale must be provided for the opinions rendered. If the examiner cannot provide the requested opinions without resorting to speculation, he or she should expressly indicate this and provide a supporting rationale as to why the opinion cannot be made without resorting to speculation.

2. Thereafter, readjudicate the issue on appeal. If the benefit sought on appeal remains denied, provide the Veteran and his representative with a supplemental statement of the case and afford them a reasonable opportunity to respond. Then return the case to the Board for further appellate review, if otherwise in order. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252, only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b).